IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPYREDON VELENTZAS, | : | CIVIL ACTION NO. **4:CV-07-1255** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background**.

The Plaintiff, Spyredon Velentzas,[1] an inmate at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania, originally filed, *pro se,* this *Bivens*[2] action pursuant to 28 U.S.C. § 1331, on July 11, 2007. (Doc. 1). Plaintiff named as Defendants in his original *Bivens*[3]

---

[1] As we noted earlier, Plaintiff Velentzas has previously filed two actions with this Court, to wit: Civil Action No. 4:CV-04-0615, filed on March 23, 2004 and closed on March 17, 2005; and Civil Action No. 4:CV-05-1074, filed May 26, 2005, and closed on October 4, 2005.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).
   Plaintiff has correctly indicated that jurisdiction is vested with this Court under 28 U.S.C. § 1331. (Doc. 13, p. 1). Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
   This is a *Bivens* action as Plaintiff again indicates since he seeks monetary damages from federal officials for alleged violations of his Constitutional rights. (Doc. 13, pp. 1 and 10).

[3] As this Court noted in *Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1. (M.D. Pa.):
   "In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights."

Complaint two (2) individuals employed by the Federal Bureau of Prisons ("BOP") at USP-Canaan, namely Warden "Ronold" (sic) Holt, and unnamed U.S.P. Health Care Services Administrator. ("HSA"). Plaintiff also named the United States of America ("USA") as well as the Director of the Bureau of Prisons ("BOP") as Defendants. (Doc. 1, pp. 1-3). Plaintiff has paid the filing fee. (Doc. 4).

Plaintiff claimed that the Defendants violated his Eighth Amendment rights by depriving him of proper medical care for his three medical conditions, namely, ill-fitting dentures, hearing problems in both ears, and chest pain and dizziness. (Doc. 1, pp. 4-5). Plaintiff raised his Eighth Amendment claims with respect to his dental condition, his hearing condition and his chest pain/heart condition.

On August 6, 2007, we preliminarily screened Plaintiff's original Complaint pursuant to 28 U.S.C. §1915A(b), and issued a Report and Recommendation. (Doc. 5). Plaintiff filed Objections to our Report and Recommendation. (Docs. 8 and 9). On November 6, 2007, the District Court issued a Memorandum and Order and overruled Plaintiff's Objections. (Doc. 10). The District Court adopted our Report and Recommendation in its entirety. The District Court dismissed all named Defendants except for the unnamed U.S.P. HSA Defendant. Specifically, the District Court ordered, in part, that:

> 4. Plaintiff's claims for monetary damages against Defendants in their official capacities, claims for specific monetary damages, and 42 U.S.C. § 1983 claims are **DISMISSED.**
>
> 5. Plaintiff's requests for specific monetary damages are **STRICKEN.**

The District Court also ordered that:

> 7.  Plaintiff is hereby afforded leave to file an Amended Complaint relating to his three (3) Eighth Amendment claims against the USP-Canaan Health Care Services Administrator.

(Doc. 10, p. 9, ¶'s 4., 5. and 7.).

Plaintiff filed his Amended Complaint on December 3, 2007. (Doc. 13). Contrary to the District Court's Order, Plaintiff named six new Defendants in his Amended Complaint, namely J. Ramos, HSA, Mr. Coleman (formerly) HSA, Bhatti, CO, S. Tucker, P.A., Mr. Faschiana, (formerly) P.A., and John Doe Dentist. (Doc. 13, p. 1). Plaintiff reasserts his Eighth Amendment denial of proper medical care claims, and he also raises for the first time a claim under the Americans with Disabilities Act ("ADA") and a claim under the Rehabilitation Act. (*Id.*, p. 3). We now screen Plaintiff's amended pleading and find that it only contains Eighth Amendment denial of proper medical care claims against four new Defendants, namely HSA Coleman, Dr. Bhatti, PA Tucker and PA Faschiana.

**II. Discussion**.

We find that Defendant HSA Ramos should be dismissed for failure of Plaintiff to state his personal involvement in the violation of any of Plaintiff's Constitutional rights. We also find that John Doe Dentist should be dismissed since it is not alleged that he is a federal official, and Plaintiff concedes that the prison "does not have any dentist at all." (*Id.*, pp. 4, ¶ 6. and p. 6). Plaintiff may assert his claim that the unnamed private dentist provided him with ill-fitting dentures in a medical malpractice action in state court. Plaintiff cannot assert his state law negligence claim in a *Bivens*

action.  *See Banks v. Roberts*, 2007 WL 3096585, * 2, n. 4 (3d Cir. 2007)(Non-Precedential).[4] Further, the Banks Court noted that "A '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials.  This constitutional tort theory was set out in *Bivens* . . . "  2007 WL 3096585, * 1, n. 1 (emphasis added).

> With respect to new Defendant HSA Ramos, Plaintiff simply alleges:
>
> > 1.  Defendant J. Ramos, HSA, he is responsible for the medical care and treatment of prisoners (plaintiff) at the U.S.P. Canaan.  Thus, he is responsible for the policies, practices, acts, and omissions described in this amend (sic) complaint.

(Doc. 13, p. 3, ¶ 1.).

In Plaintiff's Statement of Claims, we do not find any mention as to Defendant Ramos' personal involvement with Plaintiff's Eighth Amendment claims.  (Doc. 13, pp. 6-7).  Since both this Court and the District Court, in previous filings, have thoroughly discussed the requirements in a *Bivens* action to state the personal involvement of each Defendant, we shall not repeat it herein. (Doc. 5, pp. 7-8 and Doc. 10, pp. 6 and 8).  Suffice to say that Plaintiff must specify each named Defendant's personal involvement with respect to each of his Eighth Amendment claims.  *See Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003).  Since Plaintiff failed to abide by the District Court's November 6, 2007 Order with respect to Defendant HSA Ramos by not stating the personal

---

[4] The *Banks* Court noted, "The District Court correctly ... not[ed]  that it could not consider [the inmate's] negligence claim under *Bivens*, because negligence is not the basis of a constitutional claim.  *See Bivens*, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights)." 2007 WL 3096585, * 2, n. 4.

role of this Defendant in the alleged improper medical care relating to his serious conditions, we find that Defendant Ramos should be dismissed from this action.

As stated, the District Court only allowed Plaintiff to amend his pleading as to his three Eighth Amendment claims. (Doc. 10, p. 9, ¶ 7.). However, Plaintiff has raised, for the first time, two new claims, one under the ADA and the other one under the Rehabilitation Act, in addition to his three Eighth Amendment claims. We find that Plaintiff's ADA claim and Rehabilitation Act claim should be dismissed.

As additional claims to his Eighth Amendment claims (Doc. 13, pp. 3, 5), Plaintiff alleges that Defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-797(b).

With respect to his ADA and Rehabilitation Act claims, Plaintiff merely alleges as follows:

> Plaintiff has been subjected to discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12101, et seq., and Rehabilitation Act (RA), 29 U.S.C.A. § 794, et seq. Title II of the ADA provides in pertinent part: No qualified individual with a disability shall, by reason of such disability, by (sic) excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

(Doc. 13, p. 8). Plaintiff also recites specific sections of the ADA in his Amended Complaint, but he does not further elaborate how his rights under the ADA or the Rehabilitation Act were violated by named Defendants. (*Id.*, pp. 9-10).

Thus, Plaintiff simply alleges that he has been subjected to discrimination in violation of the ADA and the Rehabilitation Act. Plaintiff does not properly claim that any Defendant discriminated against him because he is disabled, he does not allege any Defendant's involvement with

discrimination, and he does not specify any conduct by any Defendant that states a claim under the ADA and the Rehabilitation Act.

Plaintiff asserts an ADA discrimination claim, seemingly pursuant to 42 U.S.C. §12112(a) and § 12101(b).  (Doc. 13, pp. 8-9).[5]

As Plaintiff recognizes (*Id*.), the ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. §12112(a).

The Court in *Bjorklund v. Phila. Housing Auth.*, 118 Fed. Appx. 624, 625-626 (3d Cir. 2004), stated that Plaintiff must prove the following elements in an ADA action:

---

[5] Plaintiff incorrectly names the individual Defendants with respect to his ADA claim since it has been held in our Circuit that individuals are not liable for violations of Titles I and II of the ADA.  Rather, an employer is liable for violations of the ADA. *See Emerson v. Theil College*, 296 F. 3d 184 (3d Cir. 2002).
   The ADA provides that:
> no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).
   A covered entity is defined as "an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 12111(2).  An employer is defined as a "person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks or in the current or preceding calendar year, and any agent of such person . . ."  42 U.S.C. § 12111(5).

> (1) he [plaintiff] was a qualified individual with a disability or who was regarded as having a disability; [FN1] and (2) that he suffered an adverse employment action as a result of his disability or perceived disability. *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001); *see also Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 381 (3d Cir. 2002).
>
> The ADA defines a "qualified individual with a disability" as
>
>> an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that individual holds or desires.

42 U.S.C. § 12111(8).

The Court in *Saunders v. Horn*, 960 F.Supp. 893 (E.D. Pa. 1997), held that the ADA applied to state inmates. The Third Circuit in *Yeskey v. Com. of PA DOC,* 118 F.3d 168, 172 (3d Cir. 1997), aff'd., 524 U.S. 206 (1998), held that the ADA and Section 504 of the Rehabilitation Act applied to state prison programs, and that state inmates can be qualified individuals under the ADA and the Rehabilitation Act. The *Yeskey* Court held that the ADA and Rehabilitation Act applied to state-operated correctional facilities. *Id* at 171. Since our Plaintiff is a federal inmate in a federally-operated prison, the ADA and Rehabilitation Act apply to him.

In order for a Plaintiff to establish a discrimination claim under the ADA, he must show that he was a "qualified individual with a disability" at the time the adverse employment actions were taken. *Bjorklund, supra*. Plaintiff Velentzas' ADA claim clearly fails based upon the above, since he does not allege any adverse employment action was taken by any named Defendant based on his physical disabilities, *i.e.* hearing problems, denture problems and chest pain. Thus, we shall recommend that Plaintiff's ADA claim be dismissed from his Amended Complaint.

Plaintiff also raises a Section 504 Rehabilitation Act claim, but he does not properly allege any specific Defendant discriminated against him based on a handicap or disability. Plaintiff alleges no disability-based discrimination by any named Defendant.

As the Court stated in *Saunders,* 960 F. Supp. at 897 (E.D. Pa. 1997):

> The ADA shares a common substantive core with the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-797(b): both prohibit broad arrays of institutions that serve the public from discriminating against disabled individuals on the basis of disability. [FN2] Indeed, "[w]hether suit is filed under the Rehabilitation Act or under the Disabilities Act, the substantive standards for determining liability are the same." *McDonald v. Pennsylvania Department of Public Welfare,* 62 F.3d 92, 95 (3d Cir.1995).
>
> > FN2. Section 504 of the Rehabilitation Act provides: No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....
> >
> > 29 U.S.C. § 794(a).
> >
> > Title II of the ADA provides:
> > [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.
> >
> > 42 U.S.C. § 12132.
>
> Section 504 of the Rehabilitation Act applies not only to any program conducted by an executive agency of the federal government but to "any program or activity receiving Federal financial assistance," 29 U.S.C. § 794(a); the term "program or activity" is defined as "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government." 9 U.S.C. § 794(b)(1)(A). Title II of the ADA applies to the "services, programs, or activities" of any "public entity," 42 U.S.C. § 12132, without regard to whether such services, programs, or activities are federally funded; a "public entity" includes "any State or

local government [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). Thus, as a matter of syntax, the two statutes cover all aspects of state and local governance. [FN3] Accordingly, if it be the case that when Congress writes a statute in plain words those plain words are to be the paramount guides utilized by the courts in construing the statute-- *see, e.g., United States v. Alvarez-Sanchez,* 511 U.S. 350, 356, 114 S.Ct. 1599, 1603, 128 L.Ed.2d 319 (1994) ("When interpreting a statute, we look first and foremost to its text."); *Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 475, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992) ("In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished.")--it would seem to follow that both the ADA and the Rehabilitation Act apply to state and local correctional facilities.

> FN3. The Rehabilitation Act applies, however, only to a "program or activity receiving Federal financial assistance."

Plaintiff does not state a proper Section 504 claim against any of his named Defendants in the Amended Complaint. He does not aver that based on his stated claimed physical disabilities, he should be entitled to programs in the prison for his conditions. He does not specifically state how his conditions are serious and cause him to suffer a substantial limitation on any major life activity. Further, Plaintiff does not allege the personal involvement of any Defendant in the discrimination against him with respect to a federal program due to his claimed disabilities.

Plaintiff claims that four named Defendants, Coleman, Tucker, Faschiana and Dr. Bhatti, were directly involved in denying him required medical care for his physical conditions and that they were directly involved in failing to provide him with care for his conditions. Thus, we find that Plaintiff has stated Eighth Amendment denial of medical care claims against the stated four Defendants. However, we do not find that Plaintiff has stated an ADA claim or a Section 504 claim,

and he has not sufficiently stated the personal conduct of any of the four stated Defendants with respect to these claims. Rather, Plaintiff has only alleged the personal involvement of these four Defendants with respect to his Eighth Amendment medical care claims. (Doc. 13, pp. 6-7). We do not find that Plaintiff should be permitted to amend his Complaint again with respect to his ADA claim and his Section 504 claim since he has already been permitted to file an amended pleading and since we find that it would be futile to allow amendment of such claims based on the above discussion.

Finally, in direct violation of the District Court's November 6, 2007 Order (Doc. 10, p. 9, ¶'s 4.-5.), Plaintiff has again sued Defendants in their official capacities for monetary damages and Plaintiff has again made claims for specific monetary damages. (Doc. 13, p. 5, ¶ 8. and p. 10). Since Plaintiff's claims for monetary damages against Defendants in their official capacities and his claims for specific monetary damages have already been dismissed by the District Court, we find that these claims were improperly included in Plaintiff's Amended Complaint, and should again be dismissed therefrom.

Notwithstanding Plaintiff's payment of the filing fee, the Prison Litigation Reform Act of 1995 (the "PLRA")[6] obligates the Court to engage in a screening process.[7] Specifically, even though Plaintiff paid the filing fee for a civil rights action, we must still screen his complaint pursuant to 28 U.S.C. §1915A. *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir. 2004) 2004 WL 229073 (Non-precedential) (If prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C.

---

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[7]As stated above, Plaintiff paid the required filing fee. (Doc. 4).

§ 1915A(b) and not 28 U.S.C. § 1915(e)(2)(B)).

Section 1915A provides:

> **(a) Screening**.- The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
>> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> **(2)** seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915A(b), we find that the Plaintiff does not state the personal involvement of Defendant Ramos with respect to his Eighth Amendment claims. We also find that Plaintiff's *Bivens* claims cannot be against John Doe private dentist Defendant. Plaintiff's *Bivens* action can only be against responsible federal officials for alleged violations of his Eighth Amendment constitutional right to proper medical care. *See Banks, supra*. We shall again recommend that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed. Further, we will recommend that Plaintiff's ADA claim and Rehabilitation Act claim be dismissed.

As discussed, Plaintiff has stated that he was denied proper medical care with respect to his three medical conditions, *i.e.* his dental condition claim, his hearing condition claim, and his chest pain/heart condition claim. As stated, we find only the personal involvement of Defendants Coleman, Tucker, Faschiana and Dr. Bhatti is alleged with respect to Plaintiff's Eighth Amendment

11

claims. (Doc. 13, p. 6-7).

### III. Recommendation.

Based on the foregoing, we respectfully recommended that Plaintiff's *Bivens* action be dismissed as against Defendants Ramos and John Doe Dentist. We recommend that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed, and that Plaintiff's specific requests for monetary damages be stricken. We further recommended that Plaintiff be permitted to proceed on his Amended Complaint with respect to his Eighth Amendment claims as against Defendants Coleman, Tucker, Faschiana and Dr. Bhatti. Additionally, we recommend that

Plaintiff's ADA claim and Rehabilitation Act claim be dismissed.[8]  Finally, we recommend that this case be remanded to the undersigned for further proceedings.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: December 12, 2007**

---

[8] Notwithstanding Plaintiff Velentzas' *pro se* status, we do not recommend that he be permitted to amend his Complaint again regarding his ADA and Rehabilitation Act claims against Defendants Coleman, Tucker, Faschiana and Dr. Bhatti, since we find that, based on the above discussed well-settled case law, he fails to state such claims.  Thus, we find futility of any further amendment of these two claims as to these four Defendants, and we shall not recommend Plaintiff be granted leave to again amend his action.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPYREDON VELENTZAS, | : | CIVIL ACTION NO. **4:CV-07-1255** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 12, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                               **s/ Thomas M. Blewitt**
                                               **THOMAS M. BLEWITT**
                                               **United States Magistrate Judge**

**Dated: December 12, 2007**