IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPYREDON VELENTZAS, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:07-CV-1255 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| U.S.P. HEALTH CARE SERVICES | : | (Magistrate Judge Blewitt) |
| ADMINISTRATOR, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### April 11, 2008

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before this Court is a Report issued by Magistrate Judge Thomas M. Blewitt ("Magistrate Judge" or "Magistrate Judge Blewitt") on December 12, 2007.  (Rec. Doc. 14).  For the reasons that follow, we will adopt the Report in part and reject the Report in part, as indicated below.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On July 11, 2007, Plaintiff Spyredon Velentzas ("Plaintiff" or "Velentzas"), an inmate confined at the United States Penitentiary at Canaan, in Waymart,

1

Pennsylvania ("USP-Cannan"), instituted the instant <u>Bivens</u>[1] action pursuant to 28 U.S.C. § 1331.  (Rec. Doc. 1).  The initial Complaint named as Defendants two (2) individual employees of the Federal Bureau of Prisons ("BOP"), an unnamed U.S.P. Health Care Services Administrator ("HSA"), the United States of America, and the BOP Director.  <u>Id.</u>

On November 6, 2007, following a Report and Recommendation by Magistrate Judge Blewitt (doc. 5) and Objections thereto by Plaintiff (docs. 8, 9), this Court screened the original Complaint pursuant to 28 U.S.C. § 1915(b).  (<u>See</u> Rec. Doc. 10).  Plaintiff's Objections were overruled and all named Defendants except for the U.S.P. HSA Defendant were dismissed.  <u>Id.</u>  Plaintiff was granted leave to amend the Complaint relating to his Eighth Amendment claims against the HSA Defendant, and he was instructed to properly allege the personal involvement necessary to state an Eighth Amendment claim.  <u>Id.</u>

On December 3, 2007, Plaintiff filed his Amended Complaint.  (Rec. Doc. 13).  In the Amended Complaint, Plaintiff names six (6) additional Defendants: "J. Ramos, HSA; Mr. Coleman, (formerly) HSA; Bhatti, CD; S. Tucker, P.A.; Mr. Faschiana, (formerly) P.A.; and John Doe Dentist."  <u>Id.</u> at 1.  Plaintiff maintains against these Defendants his Eighth Amendment claims alleged in the first

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971).

Complaint. More specifically, Plaintiff alleges that he was denied proper medical care with respect to the following medical conditions ("medical care claims"): ill-fitting dentures, hearing problems in both ears, and chest pain and dizziness. Id. Plaintiff also alleges two (2) new claims in the Amended Complaint: a claim under the Americans with Disabilities Act ("ADA"),[2] and a claim under the Rehabilitation Act ("RA").[3] Plaintiff's prayer for relief seeks a declaratory judgment that Defendants violated his rights under the Eighth Amendment, the ADA, and the RA. Plaintiff also requests compensatory and punitive damages, each in the amount of $500,000 from each Defendant. Finally, Plaintiff requests trial by jury on all issues triable. (Rec. Doc. 13).

Presently before the Court is a Report issued by Magistrate Judge Blewitt on December 12, 2007. (Rec. Doc. 14). The Report recommends that Plaintiff's Bivens action be dismissed as against Defendant J. Ramos and John Doe Dentist and that Plaintiff's ADA and RA claims be dismissed as to all Defendants. The Report further recommends that the Bivens claims against the remaining Defendants in their official capacities be dismissed and that Plaintiff's specific

---

[2] 42 U.S.C. §§ 12101, et seq.

[3] 29 U.S.C. §§ 701-797(b).

requests for monetary damages be stricken.[4]  Finally, Magistrate Judge Blewitt

recommends that the case be remanded for further proceedings regarding

Plaintiff's Eighth Amendment claims against the remaining four (4) Defendants.

Plaintiff filed Objections to the Report and Recommendation on December 27,

2007 and January 7, 2008.[5]  (Rec. Docs. 15, 16).  Accordingly, this matter is ripe

for disposition.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a de

novo determination of those portions of the report or specified proposed findings

or recommendations made by the magistrate judge to which there are objections.

See United States v. Raddatz, 447 U.S. 667 (1980).  See also 28 U.S.C. §

636(b)(1); Local Rule 72.3l.  Furthermore, district judges have wide discretion as

to how they treat recommendations of a magistrate judge.  See id.  Indeed, in

providing for a de novo review determination rather than a de novo hearing,

---

4 Plaintiff's Amended Complaint makes such claims and requests despite this Court's previous
dismissal and striking of the same, respectively.  (See Rec. Doc. 10).  Insofar as we have already
dismissed and stricken the same, we will do the same herein for the reasons outlined in our prior
Order.  See id.

5 After close review, we find that the only difference between the two (2) documents containing
Plaintiff's Objections is the date on which they were filed.  While acknowledging the existence
of both documents and hereafter disposing of the same, in the interest of brevity, we will
subsequently refer only to Rec. Doc. 16.

Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  See id.  See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## DISCUSSION:

## Eighth Amendment Claims:

In the Amended Complaint, Plaintiff alleges that the six (6) named Defendants subjected Plaintiff to "medical treatment that violated the Eighth Amendment of the United States Constitution prohibition against cruel and unusual punishment." (Rec. Doc. 13 at 8).  Specifically, Plaintiff alleges that John Doe Dentist provided him with ill-fitting dentures and refused to fix or replace those dentures.  As a result, Plaintiff alleges that he cannot chew.  Id.  Further, Plaintiff alleges that Defendants Faschiana, Tucker, Bhatti, and Coleman refused to treat or to refer Plaintiff to a specialist to address Plaintiff's hearing loss in his right ear and permanent buzzing in his left ear.  Id.  Finally, Plaintiff alleges that Defendants Faschiana, Tucker, and Bhatti have refused to refer Plaintiff to a cardiologist concerning Plaintiff's chest pain and dizziness.  Id.  Plaintiff does not allege any specific action or personal involvement on the part of Defendant J. Ramos.

As noted by this Court in at least one prior Order (see doc. 10), to present a viable Eighth Amendment claim, Plaintiff must include allegations that each Defendant had some personal role in the medical care or denial thereof.  See, e.g., Couden v. Duffy, 446 F.3d 483, 492 (3d Cir. 2006) (noting that a Bivens claim is the federal equivalent of a 42 U.S.C. § 1983 claim and, thus, the same legal principles apply); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (noting that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . .").  As the Magistrate Judge indicates, Plaintiff has followed the direction of the Court and alleged the personal involvement of Defendants Faschiana, Tucker, Bhatti, and Coleman.  (Rec. Doc. 14).  Such allegations demonstrate that Plaintiff understands how to allege personal involvement.

With that in mind, we consider that Plaintiff has not alleged any personal involvement by Defendant J. Ramos. [6]  As Plaintiff was granted leave to amend in that respect, and as Plaintiff has demonstrated his capability to allege personal involvement, we will not again grant Plaintiff leave to amend as to the personal involvement of Defendant J. Ramos because we find his failure to do so indicates

---

6 Plaintiff did not allege any personal involvement on the part of Defendant J. Ramos in the ADA or RA claims either.

that the alleged facts underlying this action are insufficient to support the same. Accordingly, granting leave as to this issue would be futile.  Thus, we will accept the recommendation of Magistrate Judge Blewitt to dismiss J. Ramos, HSA, as a Defendant.[7]

As Magistrate Judge Blewitt notes, Plaintiff has not alleged that John Doe Dentist is a federal official.  It is well-established that Plaintiff may not assert a Bivens claim against a private individual as such actions are reserved for seeking damages for unconstitutional conduct by federal officials.  See, e.g., Banks v. Roberts, 2007 WL 3096585, at *2 n.4 (3d Cir. 2007) (not precedential).  As such, Magistrate Judge Blewitt recommends that John Doe Dentist be dismissed from the action.  Plaintiff objects to this aspect of the Report, asserting that it is "unclear whether John Doe Dentist is or isn't a federal official," and that arguing, even as a private individual this Court can exercise diversity jurisdiction over that Defendant pursuant to Pennsylvania's long-arm statute, and, presumably, 28 U.S.C. § 1332.

However, Plaintiff has not alleged diversity jurisdiction or a state negligence claim  as related to John Doe Dentist.  Rather, Plaintiff has only alleged a Bivens action against said Defendant, whom Plaintiff appears to concede is not a federal official as USP-Cannan "does not have any dentist at all."  (Rec. Doc. 13 at 6).

_____

7 Plaintiff has not specifically objected to this recommendation, so we need not overrule any Objections as to this issue.

Because Plaintiff has failed to either state a state negligence claim over which this Court <u>could</u> have diversity jurisdiction or a <u>Bivens</u> claim against a federal official, we will accept the Magistrate Judge's recommendation to dismiss John Doe Dentist and overrule Plaintiff's Objections in that respect.

**ADA and RA Claims:**

In the Amended Complaint, Plaintiff alleges for the first time that he "has been subjected to discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12101, <u>et</u> <u>seq.</u>, and Rehabilitation Act (RA), 29 U.S.C.A. § 794, <u>et</u> <u>seq.</u>" (Rec. Doc. 13 at 8).  However, Plaintiff does not allege exactly how he is impaired or the manner in which any Defendant subjected him to discrimination.  Plaintiff notes only that "[a] physical impairment is any physiological disorder, or condition or anatomical loss affecting the cardiovascular system, 29 C.F.R. § 1630.2(i)." <u>Id.</u> at 9.  Viewed liberally, Plaintiff may be attempting to allege that he suffers from a physical impairment that substantially limits a life activity based upon any of his three alleged medical conditions.

The ADA provides that "[n]o covered entity shall discriminate against an individual with a disability because of the disability of such individual in regard to . . . terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To prevail on an ADA claim, a plaintiff must, therefore, prove that he was a qualified

individual with a disability and that he suffered adverse employment action as a result.  See Tice v. Centre Area Transp. Auth., 247 F.3d 506 (3d Cir. 2001).   A "qualified individual with a disability" is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position."  42 U.S.C. § 12111(8).

Similar to the ADA, Section 504 of the RA prohibits any program or activity receiving federal assistance from discriminating against any qualified individual with a disability because of that disability.  29 U.S.C. § 794(a).  A "program or activity" under the RA is defined as "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government."  29 U.S.C. § 794(b)(1)(A).

Notably, the ADA and Section 504 of the RA apply to both state and federal prison programs and facilities, and both state and federal inmates can be qualified individuals under these Acts.  See Yeskey v. Com. of PA DOC, 118 F.3d 168 (3d Cir. 1997).

Magistrate Judge Blewitt recommends Plaintiff's claims under the ADA and the RA be dismissed.  In the Report, Magistrate Judge Blewitt notes that Plaintiff's Amended Complaint "does not allege [that] any adverse employment action was taken by any named Defendant based on his physical disabilities," and thus

recommends that Plaintiff's ADA claim be dismissed.  (Rec. Doc. 14 at 7).

Moreover, Magistrate Judge Blewitt recommends that Plaintiff's RA claims be

dismissed, listing the following reasons: Plaintiff does not claim that because of his

alleged disabilities he should be entitled to any related program in the prison,

Plaintiff does not allege how these disabilities substantially limit any major life

activity, and Plaintiff does not allege any personal involvement of any Defendant

in the discrimination against him.  Id. at 9.  Further, Magistrate Judge Blewitt

highlights that Plaintiff has sued all Defendants in both their individual and official

capacities, and that individuals are not liable under the ADA.  Emerson v. Thiel

College, 296 F.3d 184 (3d Cir. 2002).  In recommending that these claims be

dismissed, Magistrate Judge Blewitt also recommends that Plaintiff not be

permitted to amend his Complaint regarding these claims, suggesting that such

leave would be futile.  (Rec. Doc. 14, p. 13).

    Plaintiff objects to the Report's recommendation that his ADA and RA

claims be dismissed.  (Rec. Doc. 16).  In support of his Objections, Plaintiff

maintains that his claims should "be liberally construed, as he has been denied []

hearing aids and provided with ill-fitting dentures."  Id. at 6.  Plaintiff avers that he

is disabled because his hearing and oral impairments "limit him in the 'Major Life

Activities' of hearing and chewing."  Id.  In his Objections, Plaintiff claims that the

10

BOP and named Defendants refused to accommodate him in the time that he was totally and legally disabled.[8]  (Rec. Doc. 16, p. 8).  Plaintiff requests that he be granted leave to amend with respect to his ADA and RA claims.  <u>Id.</u>

Pursuant to the Federal Rules of Civil Procedure, following the filing of one amended complaint as a matter of course, a party may only amend a pleading with the other party's consent or with leave of court.  Fed. R. Civ. P. 15(a).  However, courts should freely grant leave when justice so requires.  <u>Id.</u>  While the "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules."  <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000) (quoting <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1982)).  One justifying reason for not granting leave to amend, and already relied upon herein, is futility; that is, even if amended, the pleadings are susceptible to dismissal for failure to state a claim.  <u>Id.</u>  However, leave to amend should nonetheless be granted to a vulnerable claim, unless it is apparent that "the amendment would not cure the deficiency."  <u>Id.</u> at 116.

---

8 Plaintiff did not name the BOP as a defendant in his Amended Complaint (doc. 13), but he does assert that he should either be granted leave to amend to add the BOP as a Defendant, or that the BOP should be incorporated by reference as a Defendant.

Although we agree with the Magistrate Judge insofar as his determination that Plaintiff's claims under the RA and ADA are deficient, we disagree that Plaintiff should be denied leave to amend to properly allege those claims. Thus, we will allow Plaintiff to amend the claims under the ADA and the RA with respect to the remaining four defendants, <u>in their official capacities</u>, and to add the BOP as a Defendant to those claims. To state viable ADA and RA claims, Plaintiff must properly allege that he is a qualified individual with a disability, and that he suffered discrimination in an adverse employment action and a denial of program benefit, respectively, because of that disability.

## <u>CONCLUSION</u>:

For the reasons indicated above, we will accept the Magistrate Judge's recommendation that Defendants J. Ramos and John Doe Dentist be dismissed from this action, and overrule Plaintiff's Objections relating thereto. Further, we will accept the Report's recommendation that Plaintiff's Eighth Amendment claims with respect to Defendants Tucker, Bhatti, Coleman, and Faschiana be remanded to the Magistrate Judge for further proceedings.

However, we will reject that portion of the learned Magistrate Judge's Report that recommends dismissal, without leave to amend, Plaintiff's ADA and RA claims against Defendants Tucker, Bhatti, Coleman, and Faschiana in their

official capacities, and we will sustain Plaintiff's Objections relating thereto.

Accordingly, Plaintiff is granted leave to amend his Complaint with respect to his

ADA and RA claims against Defendants Tucker, Bhatti, Coleman, and Faschiana

in their official capacities.  Plaintiff's claims against those Defendants in their

individual capacities shall be dismissed with prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Blewitt's Report (doc. 14) is **ADOPTED** in part and **REJECTED** in part, as outlined above and reflected herein.

2. Plaintiff's Objections (docs. 15, 16) are **OVERRULED** in part and **SUSTAINED** in part, as outlined above and reflected herein.

3. Defendants J. Ramos and John Doe Dentist are hereby **DISMISSED** with prejudice as parties to this action.

4. The Clerk of Court shall terminate J. Ramos, U.S.P. Health Care Services Administrator,[9] and John Doe Dentist as Defendants.

5. Plaintiff's ADA and RA claims as to Defendants Tucker, Bhatti, Colemand, and Faschiana in their individual capacities are **DISMISSED** with prejudice.

---

[9] Plaintiff's Amended Complaint appears to make it quite clear that J. Ramos and the originally anonymous U.S.P. Health Care Services Administrator are one and the same.  (See Rec. Doc. 13 at 1, 3).

6.   Plaintiff's ADA and RA claims as to Defendants Tucker, Bhatti, Colemand, and Faschiana in their official capacities are **DISMISSED** without prejudice.

7.   Plaintiff is hereby granted leave to amend his ADA and RA claims against Defendants Tucker, Bhatti, Coleman, and Faschiana in their official capacities, and also against the BOP.[10]

8.   Any Second Amended Complaint shall be filed within fifteen (15) days of today's date.

9.   Plaintiff's <u>Bivens</u> claims for monetary damages against Defendants in their official capacities are hereby **DISMISSED** with prejudice.

10.  Plaintiff's specific requests for monetary damages are hereby **STRICKEN**.

---

10 Plaintiff is hereby forewarned that his Second Amended Complaint must be complete in all respects and comply with the Federal Rules of Civil Procedure.  It should not incorporate by reference any information from his previous Complaints, but rather should stand on its own. Further, Plaintiff is forewarned that his Second Amended Complaint should not attempt to raise additional claims that this Court has not expressly granted him leave to include.

11.   This action is hereby remanded to Magistrate Judge Blewitt for further

proceedings.


<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge