IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPYREDON VELENTZAS, | : | |
| | : | 4:07-cv-1255 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| UNITED STATES OF AMERICA, | : | |
| *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

## September 29, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 51), filed on August 31, 2010, which recommends that the Defendants' Motion to Dismiss and for Summary Judgment (Doc. 40) be granted with respect to Plaintiff's Eighth Amendment claims against them and that this case be closed. No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R.

## I.  STANDARD OF REVIEW

---

[1] We *sua sponte* granted Plaintiff additional time until September 28, 2010 to file objections to the R&R in light of the fact that he had recently been transferred. To date, no objections have been received.

1

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case amply confirms the Magistrate Judge's determinations.

## II.  PROCEDURAL BACKGROUND

This *pro se* action filed by Plaintiff Spyredon Velentzas ("Plaintiff" or "Velentzas") claims that Defendants employed at the United States Penitentiary at Canaan ("USP-Canaan") violated his Eighth Amendment rights by depriving him of proper medical care and dental care for his conditions, namely, ill-fitting dentures, hearing problems in both ears, and chest pain and dizziness.

This case has a lengthy and meandering procedural history, which Magistrate Judge Blewitt recounts in great detail within the R&R. Since the parties and the Court are well-familiar with the contours of this case, we shall not recite the procedural history of the matter but refer the reader to pages 1 through 10 of the R&R.[2] Ultimately, the claims remaining in the case are Plaintiff's Eighth amendment denial of dental and medical care claims against Defendants Coleman, Tucker, Faschiana and Dr. Bhatti. It is these claims that are the subject of Defendants' motion to dismiss and are recommended for dismissal by Magistrate Judge Blewitt within the R&R.

## III. DISCUSSION

Within the R&R, Magistrate Judge Blewitt thoroughly reviews the claims set forth by Plaintiff in view of the relevant standards and makes the following recommendations.[3] First, Magistrate Judge Blewitt recommends Plaintiff's pre-November 28, 2005 claims be dismissed because they are barred by the applicable statute of limitations and that Plaintiff cannot avail himself of equitable tolling.[4]

---

[2] The R&R is attached to this Memorandum.

[3] Because Magistrate Judge Blewitt considered evidence submitted that was outside of the pleadings, he treated Defendants' motion, in part, as one for summary judgment.

[4] Magistrate Judge Blewitt also concluded that even if Plaintiff's pre-November 28, 2005 were not time barred, the undisputed evidence establishes that Defendants did not violate Plaintiff's Eighth Amendment rights.

3

Second, Magistrate Judge Blewitt recommends that Defendant Coleman be dismissed from the action because Plaintiff has failed to allege any personal involvement by Coleman with respect to his Eighth Amendment claims.[5] Third, after a full review of the record evidence, the Magistrate Judge recommends that summary judgment be granted in favor of Defendants Fasciana, Tucker, and Dr. Bhatti on the Eighth Amendment claims.

As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.[6] With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.

---

[5] Magistrate Judge Blewitt correctly notes that liability cannot be established solely on respondeat superior in civil rights actions of this type. *Ascenzi v. Diaz*, 2007 WL 1031516, *3 (M.D.Pa.)("supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct")(citations omitted).

[6] We commend Magistrate Judge Blewitt for performing a painstaking and thorough analysis of the case *sub judice*. While the procedural history compounded the difficulty of doing so, we are confident that the learned Magistrate Judge reached the appropriate conclusions.